UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-268-TBR

JAMES W. HACKNEY                                                                                         PLAINTIFF

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the Defendant's Motion to Remand to the Claim Administrator. Docket Number ("DN") 16. The Plaintiff has responded. DN 20. The Defendant has replied. DN 21. The motion is now ripe for adjudication. For the following reasons, the Defendant's motion is GRANTED.

**BACKGROUND**

The defendant, The Lincoln National Life Insurance Company ("Lincoln National"), asks the Court to remand this case to its claims administrator so that it may determine whether the plaintiff, James W. Hackney ("Hackney"), is entitled to receive the benefits of a long term disability insurance policy sponsored by his former employer. Hackney opposes remand and seeks to have the Court make a *de novo* determination as to whether he is entitled to the policy's benefits. There is no disputed that Lincoln National violated certain time limits prescribed by the ERISA regulations governing Hackney's claim for benefits. What the parties disagree on, however, and what the Court must decide in the present motion, is the appropriate remedy for that violation.

Hackney's former employer, Vascular Solutions, Inc. ("Vascular"), provided certain short term disability ("STD") and long term disability ("LTD") benefit plans to its employees. The plans are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

1

§ 1001 *et seq.* Lincoln National reviews claims made under the STD policy, but Vascular ultimately determines whether to pay a STD claim. On the other hand, Lincoln National serves as the claims administrator under the LTD plan it issued to Vascular. In that role, Lincoln National has the "discretionary authority 'to manage [the LTD Policy], interpret its provisions, administer claims and resolve questions arising under it.'" DN 18, ¶ 5.

Hackney submitted claims under both the STD and LTD policies.[1] Records show that Hackney submitted his LTD claim by letter on March 2, 2011. DN 20-2. It appears, however, that Lincoln National did not have notice of the LTD claim until one of its claims specialists, Janet Olsen, spoke with Hackney's counsel on March 9, 2011. DN 20-4, p. 5-6. After the conversation, Olsen emailed another Lincoln National employee, Chrysee Skobis, and inquired about the status of Hackney's LTD claim. Skobis responded that there had been a misunderstanding regarding Hackney's LTD claim and that she was sending his LTD information to the Atlanta office for processing. *Id.* at 4-5. Olsen followed up with Skobis on March 30, 2011, because Hackney's LTD claim still had not been opened. *Id.* at 4. After checking into the matter, Skobis found that the Atlanta office had mistakenly entered Hackney's LTD claim as "mail" in his STD appeal, which was pending at the time. Skobis corrected the mistake, and on April 1, 2011, Hackney's LTD claim was finally opened with the company. DN 18, ¶ 13. Lincoln National claims to have acknowledged receipt of the LTD claim on April 4, 2011. *Id.* at ¶ 14. But Lincoln National does not indicate to whom it acknowledged receipt, and the record shows that Hackney never received any notice that Lincoln National was processing his claim. DN 20-3, ¶ 4. On May 3, 2011, Hackney sued Lincoln National to recover the benefits of the LTD policy because Lincoln National failed to render a benefits determination within the time limits prescribed by the ERISA regulations. At that time, Lincoln National was

---

[1] The benefits determination under the STD claim is not at issue in this case.

conducting an administrative review of Hackney's claim but suspended the review after this case commenced.

ERISA regulations require a plan's claims administrator to notify the claimant of an adverse benefit determination within forty-five (45) days of receiving a claim for disability benefits, subject to certain extensions not applicable here. 29 C.F.R. § 2560.503-1(f)(3) (2011). If the claim administrator fails to provide a determination within this time limit, the claimant is "deemed to have exhausted" his administrative remedies and can bring suit for any of the remedies made available under 29 U.S.C. § 1132(a). 29 C.F.R. § 2560.503-1(*l*) (2011). As a remedy for Lincoln National's regulatory violations, Hackney seeks to have the Court to conduct a *de novo* review of his LTD claim and award him the benefits of the plan as allowed under 29 U.S.C. § 1132(a)(1)(B).

Lincoln National does not dispute that it failed to render a LTD benefit determination within 45 days of having notice of Hackney's claim. Nor does it dispute Hackney's right to sue for benefits under 29 U.S.C. § 1132(a)(1)(B). As stated in its motion to remand, however, "the issue is the appropriate remedy for Lincoln National's procedural violation of ERISA." DN 21, p. 3-4. Accordingly, Lincoln National claims that remand is appropriate where a procedural error by one of its employees caused the company to fail to render a benefits determination within the regulatory deadlines.

## DISCUSSION

Lincoln National has never rendered a benefits determination for Hackney's LTD claim. The company asserts that the violation of the 45 day regulatory deadline resulted from a procedural error by one of its employees, which caused Hackney's LTD claim to be listed as part of his STD claim. By the time the company realized its mistake and began processing

3

Hackney's LTD claim, the 45 day deadline lapsed, and Hackney sued to have this Court determine *de novo* whether he should receive the benefits of the policy.  For the reasons outlined below, the Court finds that a *de novo* determination is not appropriate at this time and that Hackney's LTD claims should be remanded to Lincoln National for full administrative review consistent with the policy.

The case before the Court is factually unique.  Lincoln National seeks to remand the LTD benefits determination to its claims administrator, not because of any action by Hackney, but because his remedies have been "deemed exhausted" by Lincoln National's failure to abide by the terms of the ERISA regulations and its own policy.  Lincoln National failed to render a benefits determination within 45 days of receiving Hackney's LTD claim, and asks the Court to remand so that it may now do what it previously failed to accomplish.  To be clear, Lincoln National has not rendered a benefits determination in this case.  Hackney's administrative remedies have been deemed exhausted because a procedural error by one of Lincoln National's employees prevented the company from processing Hackney's claim in a timely manner.

The majority of the cases cited by the parties do not fall squarely within the unique facts of this case.  Lincoln National argues that, even though not factually on par, the guiding principles set forth in *Conkright v. Frommert*, 130 S. Ct. 1640 (2010), should control.  The Court disagrees, however, because the *Conkright* Court did not address the legal issues at play in the present case.  In *Conkright*, the plan administrator interpreted the ERISA plan at issue and denied benefits to the plaintiffs.  *Id.* at 1645.  The plaintiffs challenged the denial of benefits in the district court, which applied a deferential standard of review to the administrator's interpretation and subsequently granted summary judgment to the defendant.  *Id.*  On appeal, the Second Circuit ruled that the administrator's interpretation was unreasonable and remanded the

case. *Id.* Back in the district court, the plan administrator submitted another interpretation and argued that the district court should again give deference to that interpretation. *Id.* The district court gave no deference to the administrator's second interpretation and instead applied a plan interpretation suggested by the plaintiffs. *Id.* The main issue before the Supreme Court was "whether the District Court owed deference to the Plan Administrator's interpretation of the Plan on remand . . . ." *Id.* at 1646. The Court held that the district court erred by not giving deference to the administrator's second interpretation. Deference to the plan administrator's second interpretation was appropriate because it promoted efficiency, predictability, and uniformity in the outcome of ERISA decisions. *See id.* at 1649-52.

  *Conkright* is not controlling in this case. *Conkright* did not address whether remand was an appropriate remedy for procedural error. Instead, it involved questions regarding what level of deference should be applied to a plan administrator's interpretation at various levels of judicial review. In the present case, there has been no interpretation of the LTD policy. As such, it is unclear how the guiding principles of *Conkright* are informative for this case. While true that deference to an administrator's interpretation promotes efficiency, predictability, and uniformity, there can be no deference where there has been no decision.

  *Buck v. Kraft Food Global, Inc.*, 3:04-0562, 2007 WL 433240 (M.D. Tenn. Feb. 2, 2007), is the only case cited by Hackney in which a court condcuted a *de novo* determination of benefits after a plan administrator failed to make a benefits determination within the regulatory deadlines. While closer to the present case, factual considerations in *Buck* show that it is also distinguishable. The record in *Buck* shows that the claimant began seeking disability benefits from his employer's LTD plan in 1997. *Id.* at *3. Buck and his attorney attempted to file a claim for benefits from 1997 through 2001, but were repeatedly denied the proper forms. *Id.* at

5

*3-7. As of the date of the court's opinion, Buck still had not been given the correct forms and his claim had received no determination. *Id.* at *6. In the face of these facts, the court found that Buck had exhausted his administrative remedies because his employer failed to render a benefits determination within the ERISA deadlines after receiving notice of Buck's claim. *Id.* at *8. The court refused to remand the case for administrative exhaustion, as requested by the insurance company, because it felt that the purposes of exhaustion would not be furthered by remand. *Id.* at *6-7. Instead, the court conducted its own *de novo* review of Buck's claim and awarded him benefits under the policy. *Id.* at *8-10.

    Although *Buck* shows that a *de novo* determination of benefits can be appropriate when administrative procedures have been deemed exhausted, it is distinguishable from the present case. Buck's claim was deemed exhausted after his former employer refused to provide him with the proper claim forms, despite repeated requests, over a period of *years*. In addition to receiving benefits, the court also awarded Buck attorney's fees. In making the fee determination, the court found that his employer's conduct was highly culpable. *Id.* at *11. In the present case, Lincoln National had notice of Hackney's LTD claim on or around March 9, 2011, and should have rendered a benefits determination within 45 days, or by April 23, 2011. Through a procedural mistake of one of its employees, Hackney's LTD claim was not opened by the company until April 1, 2011, and it did not render a determination within the 45 day limit. Hackney filed suit to recover benefits on May 3, 2011, twelve days after Lincoln National should have rendered a determination. Twelve days is not a delay of years as evidenced in *Buck*. Nor is there any evidence of culpability in Lincoln National's failure to render a benefits determination. The evidence is clear that a procedural error by one of its employees caused a delay in processing the claim. The Court recognizes that a *de novo* determination of benefits will be

appropriate in some situations, but the present case is not one of them. *See also Stefansson v. Equitable Life Assurance Soc'y of the U.S.*, 5:04-CV-40, 2005 U.S. Dist. LEXIS 21723 at *25-40 (M.D. Ga. September 19, 2005) (plaintiff's LTD claim deemed exhausted under 29 C.F.R. § 2560.5031(f)(3) after insurance company failed to render a decision more than four months after receiving notice of the claim). The facts of *Buck*, which justified remand, simply are not present in this case.

Other cases relied upon by the parties did not arise from situations in which the claims administrator failed to render any decision and the plaintiff's claim was deemed exhausted as the result of a procedural error. That said, other Sixth Circuit cases remanding after a denial of benefits by the insurance company are more instructive for the present case.

*Elliott v. Metropolitan Life Ins. Co.* stands for the proposition that remand is the appropriate remedy where a claimant is denied LTD benefits because of a problem "with the integrity of [the plan's] decision-making process . . . ." *Elliot v. Metro. Life Ins. Co.* 473 F.3d 613, 622 (6th Cir. 2006) (quotation omitted). In *Elliot*, an insurance company denied a LTD benefit claim upon administrative review, and the plaintiff sued to recovery under the policy. The court determined that the insurance company's denial "was neither deliberate nor based on reasoning. As such, its determination . . . was arbitrary and capricious." *Id.* at 621. The decision was arbitrary and capricious because the record did not "support the conclusion that [the insurance company's] denial of Elliot's claim was the result of a deliberative, principled reasoning process." *Id.* at 615. After determining that the insurance company's decision was arbitrary and capricious, the court addressed whether to "award benefits to the claimant or remand to the plan administrator." *Id.* at 621 (citations omitted). The court did not award benefits. *Id.* at 622. Instead, it found that remand to the claims administrator was the

7

appropriate remedy "where the 'problem is with the integrity of [the plan's] decision-making process,' rather than 'that [a claimant] was denied benefits to which he was clearly entitled[.]'" *Id*. (quoting *Buffonge v. Prudential Life Ins. Co. of Am.*, 426 F.3d 20 at 31 (1st Cir. 2005)). Where an insurance company's decision-making process was plagued by procedural errors, the claim should be remanded for a more complete review. According to the *Elliot* Court, a remand "will allow for a proper determination of whether, in the first instance, [a plaintiff] is entitled to [LTD] benefits. We are not medical specialist and that judgment is not ours to make." *Id.* at 622-23.

In the present case, Hackney asks the Court to deny remand, take up the role of claims administrator, and conduct a *de novo* review of his LTD benefits claim. The Court declines this invitation. Remand was appropriate to remedy an arbitrary and capricious determination in *Elliot*, which the court categorized as a procedural flaw. Here remand is appropriate to correct for a procedural error that caused Lincoln National to fail to render a decision within the regulatory deadlines. Additionally, like the *Elliot* Court, this Court is not comprised of medical specialists who would be equipped to make a *de novo* determination about Hackney's medical condition. As such, remand is appropriate and reasonable.

*Elliot* is not the only case that supports the Court's decision to remand in the face of procedural error. In *Shelby Cnty. Healthcare Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355, 373 (6th Cir. 2009), the court agreed with *Elliot*'s holding and found that "[r]emand . . . is appropriate in a variety of circumstances, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete." The *Majestic Star* Court listed three circumstances in which remand to the claims administrator would be appropriate. First, a claim should be remanded where "the plan

administrator fails to comply with ERISA's appeal-notice requirements in adjudicating a participant's claim . . . 'so that a full and fair review can be accomplish.'" *Id.* (quoting *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008)). Second, a claim should be remanded where "the plan administrator merely 'fail[ed] . . . to explain adequately the grounds of [its] decision.'" *Id.* (quoting *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1288 (10th Cir. 2002)). Finally, outside of "procedural irregularities, an incomplete factual record provides a basis to remand the case to the plan administrator." *Id.* (citing *Miller v. United Welfare Fund*, 72 F.3d 1066, 1073-74 (2d Cir. 1995)).

All three remand-warranting situations outlined in *Majestic Star* are present in this case. First, although this is a not a case where a plan administrator violated ERISA's appeal-notice requirements, it is a situation in which the plan administrator violated ERISA's initial notice requirement contained in 29 C.F.R. § 2560.503-1(f)(3). The Court finds no reasons why the procedural violations in this case should be treated differently from procedural violations in an administrative appeal, which warrant remand. Second, it is obvious that Lincoln National's plan administrator never rendered a benefits determination. The Court finds that a decision on the merits by the administrator would be appropriate where a mere procedural error prevented the administrator from having a chance to fully explain the grounds for the benefit determination it would have been required to render but for the procedural error. Finally, this case is in a nascent stage with only a partial administrative record. Any *de novo* decision made by the Court would necessarily involve evidentiary matters that would best be resolved by the administrative process conducted by the claims administrator.

The ERISA regulations in controversy in the present motion make clear that Hackney is entitled to seek relief in this Court under 29 U.S.C. § 1132(a)(1)(B). But "[n]othing in the

9

regulations or in the statute, however, expressly provides for a recovery from either the plan itself or from its administrators if greater time is required to determine the merits of an application for benefits." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). Hackney asks this Court to deny remand and make a *de novo* determination as to whether he should be awarded the LTD benefits at issue. Although, as shown in *Buck*, a *de novo* determination will be appropriate for some procedural violations of the ERISA, the Court finds that it is not appropriate in this case. At this juncture, the Court finds that a remand to the claims administrator for a full review consistent with the terms of the policy is the best remedy for a violation of the ERISA regulations resulting from an employee's procedural error.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to remand is **GRANTED**. IT IS HEREBY ORDERED that this case shall be **REMANDED** to the claims administrator for a full review consistent with the terms of the policy.