UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00268-TBR

JAMES W. HACKNEY                                                                           Plaintiff

v.

THE LINCOLN NATIONAL LIFE INSURANCE                                                        Defendant
COMPANY


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant The Lincoln National Life Insurance Company's (Lincoln) Motion to Dismiss Count II and Count III of the Amended Complaint asserting claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). (Docket No. 55.) Plaintiff James W. Hackney has responded. (Docket No. 63.) Defendant Lincoln has replied. (Docket No. 65.) This matter is now fully briefed and ripe for adjudication. For the following reasons, the Court will **GRANT** Defendant's Motion to Dismiss Count II and Count III of the Amended Complaint asserting claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).[1] (Docket No. 55.)

BACKGROUND

Because this matter is before the Court on a Motion to Dismiss, the Court will presume as true all of the factual allegations in Hackney's Amended Complaint, (Docket No. 31). *See Total*

---

[1] Count III requests disgorgement and "make whole relief." Pursuant to an Agreed Scheduling Order filed on March 28, 2014, (Docket No. 34), the parties agreed that Hackney's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) seeking disgorgement would be stayed pending the Sixth Circuit's resolution of *Rochow v. Life Insurance Co. of North America*, Case No. 12-2074. Accordingly, Lincoln has not included Hackney's disgorgement claim within the scope of its Motion to Dismiss. (Docket No. 56, at 1 n.1.)

*Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Accordingly, the following Background is drawn primarily from the Amended Complaint, (Docket No. 31), and the factual allegations made therein presumed as true for purposes of considering the Motion to Dismiss.

Hackney was previously employed by Vascular Solutions, Inc., as the National Director of Marketing. Hackney was classified as a full-time executive employee and as part of his compensation was eligible to participate in a group long term disability insurance policy issued by Lincoln. Hackney elected to participate under the policy and paid the applicable premiums. On October 6, 2010, he became disabled under the policy and has remained continuously disabled and unable to function on a fulltime basis in any gainful employment. On March 2, 2011, Hackney submitted a claim to Lincoln seeking to receive the long term disability monthly benefits.

On May 3, 2011, when there had been no decision on the claim, Hackney filed suit seeking, among other relief, to recover the long term disability benefits. On January 4, 2012, this Court remanded the claim to Lincoln to provide "a full review consistent with the terms of the policy." (Docket No. 23, at 10.) By letter dated May 25, 2012, Lincoln issued a decision denying Hackney's claim. Hackney appealed this decision by letter dated November 5, 2012, without waiving his claim that an appeal was not required based on the policy and the Employee Retirement Income Security Act (ERISA) claim regulations. Lincoln denied Hackney's appeal by letter dated January 17, 2013. (Docket No. 63, at 4.) Hackney submitted a second appeal by letter dated May 16, 2013, without waiving his claim that he had exhausted the administrative process under the policy and ERISA. (Docket No. 63, at 5.)

As of the date of the filing of the Amended Complaint, (Docket No. 31), Lincoln had not reached a decision on Hackney's second appeal.[2] Hackney brings claims for: (1) breach of contract; (2) breach of fiduciary duty; (3) disgorgement and make whole relief; and (4) attorneys' fees and costs. (Docket No. 31, at 9-12.) Count I of the Amended Complaint alleges that Lincoln breached the long term disability (LTD) policy by: (1) improperly denying Hackney's claim for long term disability benefits; (2) relying on unlicensed medical opinions; and (3) applying a policy provision requiring a second appeal which was prohibited by law. (Docket No. 31, at 9.) This claim is made under 29 U.S.C. § 1132(a)(1)(B), whereby a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan."

Count II of the Amended Complaint alleges breach of fiduciary duty because Lincoln "violated the time lines for rendering a final decision" and "relied on non-examining medical opinions (record reviews) to deny claims." (Docket No. 31, at 10.) This claim is made under 29 U.S.C. § 1132(a)(3), whereby a participant or beneficiary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Count III requests "make whole relief" based on an alleged breach of a fiduciary duty by Lincoln. (Docket No. 31, at 10.) This claim is also made under 29 U.S.C. § 1132(a)(3). The

---

[2] It appears that subsequent to the filing of the Amended Complaint, Lincoln "upheld its original determination that Hackney had not established Total Disability under the LTD Policy." (Docket No. 56, at 6.) Regardless, "Lincoln National considers Hackney to have exhausted his administrative remedies and his claims ripe for adjudication." (*Id.*)

Court assumes the factual basis for the breach of fiduciary duty claim in Count III is the alleged misconduct described in Count II.

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434 (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

DISCUSSION

Defendant Lincoln contends that the claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) in Counts II and III are prohibited because they are premised upon the same conduct or request the same relief as a claim for a denial of benefits under 29 U.S.C. § 1132(a)(1)(B). In relevant part, 29 U.S.C. § 1132(a) states:

> (a) Persons empowered to bring a civil action
> A civil action may be brought--
>     **(1)** by a participant or beneficiary--
>         **(A)** for the relief provided for in subsection (c) of this section, or
>         **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>     . . . .
>     **(3)** by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

Alternatively, Lincoln contends that: (1) the alleged acts of wrongdoing which Counts II and III are based are permitted under ERISA and the corresponding claim regulations; and (2) even assuming it has violated ERISA, the relief requested is not available. (*See* Docket No. 56, at 1-2.) Because the Court ultimately finds that Hackney's claim for benefits under 1132(a)(1)(B) provides him "adequate" relief and, therefore, requires dismissal of his fiduciary duty claims under 1132(a)(3) in Counts II and III, the Court need not address Lincoln's alternative contentions.

Interplay of 29 U.S.C. § 1132(a)(1)(b) and (a)(3)

Generally, a breach of fiduciary claim under 1132(a)(3) is precluded where the claim is premised upon the same conduct or requests the same relief as a claim for a denial of benefits under 1132(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 512-15 (1996) ("The structure suggests that these 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries causes by violations that § 502 does not elsewhere adequately remedy."); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir. 1998) ("The Supreme Court clearly limited the applicability of [Section 1132(a)(3)] to beneficiaries who may not avail themselves of [ERISA Section 1132's] other remedies. Because § 1132(a)(1)(B) provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3) . . . To rule in Wilkins's favor would allow him and other ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected."). In *Howe*, the Supreme Court noted that "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims" through a cause of action under 1132(a)(1)(B). *Howe*, 516 U.S. at 512. The Supreme Court concluded that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id*. at 515 (citation omitted).

However, recent Sixth Circuit precedent permits plaintiffs to maintain simultaneous claims for benefits under 1132(a)(1)(B) and for breach of fiduciary duties under 1132(a)(3) when the relief under 1132(a)(1)(B) is not "adequate." For example, in *Hill v. Blue Cross & Blue*

*Shield of Michigan*, 409 F.3d 710, 717-18 (6th Cir. 2005), a class of plaintiffs sought "plan-wide injunctive relief, not individual benefit payments." In *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 841-42 (6th Cir. 2007), the plaintiff alleged two separate and distinct injuries: (1) an erroneous interpretation of the plan language by the claim administrator resulting in denial of benefits subject to redress under 1132(a)(1)(b); and (2) a breach of fiduciary duty by the employer, which had no involvement in claims administration, by misrepresenting the duration of benefits subject to redress under 1132(a)(3). Thus, "[t]he cause of action provided by Section 1132(a)(3) is only available to beneficiaries who have no remedy under the other sections of § 1132." *Belluardo v. Cox Enterprises, Inc.*, 157 F. App'x. 823, 829 (6th Cir. 2005) (citing *Wilkins,* 150 F.3d at 615).

I. Count II of the Amended Complaint

Hackney argues that within Count II he is seeking plan-wide relief for systematic claims administration defects,[3] referencing paragraphs 51-53 of his Amended Complaint.[4] He contends

---

[3] Within Count II Hackney has pointed out three aspects of his claim review which allegedly violate ERISA or the plan: (1) a mandatory second appeal; (2) Lincoln's reliance on non-examining medical opinions (record reviews) to deny his claim; and (3) a violation of ERISA time lines for rendering a final decision. Regarding the mandatory second appeal, Hackney submitted his second appeal without waiving his claim that he had exhausted the administrative process under the policy and ERISA. However, having submitted that second appeal, the Court is now unable to provide any remedy—beyond a potential award of benefits—for this alleged violation. If Hackney felt strongly about this issue, he could have petitioned the Court before submitting his second appeal in order to receive relief.

Regarding the alleged reliance on non-examining medical opinions, assuming this was a violation of the policy, it may have had some bearing on the decision to deny Hackney's claim for benefits. Therefore, the claim for benefits under 1132(a)(1)(B) would be "adequate" and there is no need for further equitable relief. *Howe*, 516 U.S. at 515

Regarding the violation of ERISA time lines for rendering a final decision, the Court has implicitly addressed this issue previously in granting a Motion to Remand. (Docket No. 23.) In any event, as with the mandatory second appeal, nothing the Court can do would offer any relief beyond reviewing Hackney's claim for benefits under 1132(a)(1)(B).

[4] Paragraphs 51-53 of the Amended Complaint state:
> 51. As a fiduciary, Lincoln was required to enforce the terms of the disability policy as written, but only to the extent the terms did not violate ERISA.

that in *Hill* the ability to seek injunctive relief under 1132(a)(3) in these circumstances was recognized. (Docket No. 63, at 8.) In relevant part, *Hill* states:

> Yet in neither *Wilkins* nor *Weiner* were we presented with fiduciary-duty claims arising out of asserted defects in plan-wide claims-handling procedures. Thus, we find *Wilkins* and *Weiner* to be of limited applicability to this case.
>
> In *Fallick,* however, this court did have the opportunity to consider a fiduciary-duty claim based on allegations of systemic, plan-wide claims-administration problems. In that case, we reversed the district court's order granting summary judgment to an insurer in a suit brought by a beneficiary asserting claims for both breach of fiduciary duty and improper denial of individual benefits. In so ruling, we noted the difference between correcting the denial of individual claims on a beneficiary-by-beneficiary basis and altering, on a plan-wide basis, the methodology used to process claims for all beneficiaries.
>
> In this case, an award of benefits to a particular Program participant based on an improperly denied claim for emergency-medical-treatment expenses will not change the fact that BCBSM is using an allegedly improper methodology for handling all of the Program's emergency-medical-treatment claims. Only injunctive relief of the type available under § 1132(a)(3) will provide the complete relief sought by Plaintiffs by requiring BCBSM to alter the manner in which it administers all the Program's claims for emergency-medical-treatment expenses. Thus, the district court erred in dismissing out of hand Plaintiffs' §§ 1104 and 1105 fiduciary-duty claims by simply reclassifying them as unexhausted claims for individual benefits.

*Hill*, 409 F.3d at 718 (citations omitted). *Hill* involved a class action. *Id*. at 713. This case is not a class action and, therefore, the Court finds that "plan-wide relief for systematic administration defects" would neither be sensible or appropriate. In any event, the facts alleged in the Amended Complaint relate only to the administrative review of Hackney's claim for long

---

52. ERISA only requires a single mandatory appeal of benefit claims. Lincoln's mandatory 2nd appeal violated ERISA claim regulations. Further, in administering the mandatory 2nd appeal, Lincoln violates the time lines for rendering a final decision.
53. The policy does not permit Lincoln to rely on non-examining medical opinions. Despite this, Lincoln regularly and consistently relies on non-examining medical opinions (record reviews) to deny claims.

(Docket No. 31, at 10 ¶¶ 51-53.)

term disability benefits and do not make a claim for "plan-wide relief for systematic claims administration defects."[5]

Additionally, Hackney's alleged breach of fiduciary duty claim essentially amounts to a contention that Lincoln improperly processed Hackney's claim for benefits. Thus, Hackney's "[1132(a)(3)] claim of breach of fiduciary duty is merely a repackaged [1132(a)(1)(B)] claim." *Gore*, 477 F.3d at 842. Therefore, 1132(a)(1)(B) provides Hackney with "adequate" relief and there is "no need for further equitable relief" because an injunction, plan-wide relief for systematic administration defects, or reformation of the policy would not accomplish anything beyond a potential award of these benefits. *Howe*, 516 U.S. at 515 (stating "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'"). Essentially, any potential fiduciary breach can be fully remedied by an award of benefits under 1132(a)(1)(B).

II. Count III of the Amended Complaint

As for the "make whole relief" requested in Count III, such relief can, in unique circumstances, be "appropriate equitable relief" under 1132(a)(3). *See, e.g., CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1879-80 (2011) (finding make whole relief potentially available under 1132(a)(3) based on the distribution of summary plan descriptions which conflicted with actual terms of the plan and were misleading); *McCravy v. Metropolitan Life Ins. Co.*, 690 F.3d 176,

---

[5] The Court recognizes that Hackney has repeatedly requested that, if the Court finds his complaint lacks sufficient facts for the systematic practices of Lincoln, "the proper remedy would be to allow Hackney leave of court to file a second amended amended complaint." (*See, e.g.*, Docket No. 63, at 13 n.5.) However, even if Hackney alleged more facts related to Lincoln's systematic practices, it would not overcome the Court's conclusion that "plan-wide relief for systematic claims administration defects" is not appropriate in this case. *Hill* involved unique circumstances—namely that it was a class action—which is why such relief was appropriate in that case.

178-82 (4th Cir. 2012) (finding relief was not only limited to return of premiums and that make whole relief was potentially available under 1132(a)(3) where plaintiff continued to pay, and the defendant continued to accept, premiums on an insurance policy for "eligible dependent children," despite the fact that the covered child had reached an age where she no longer qualified as an eligible dependent child under the policy); *Gore*, 477 F.3d at 841-42 (finding available breach of fiduciary duty claim under 1132(a)(3) against employer, who had no involvement in claims administration, based on alleged misrepresentation of the duration of benefits). While the exact contours under which "make whole relief" is available is still an evolving area of law, it is clear that when it is available there are unique circumstances beyond just a denial of benefits.

For example, in *Amara*, the defendant distributed a summary plan description that was inconsistent with the terms of the policy and that may have misled the plaintiffs regarding the plan. *Amara*, 131 S.Ct. at 1872. In *McCravy*, the defendant accepted premiums for an "eligible dependent child" insurance policy, despite the fact that the covered child had reached an age where she no longer qualified as an eligible dependent child under the policy. *McCravy*, 690 F.3d at 178. Thus, the defendants' actions gave the plaintiffs the impression that coverage existed, despite the policy dictating otherwise. In short, there was indicia of fraud. *See Amara*, 131 S.Ct. at 1879 (noting the power to reform contracts is a traditional power of an equity court and was used to prevent fraud).

These types of situations are clearly distinguishable from Hackney's. In this case, Hackney's breach of fiduciary duty claim essentially amounts to a contention that Lincoln improperly processed Hackney's claim for benefits, rather than an allegation that Lincoln took an

action which misled Hackney as to the policy's coverage or that caused such a separate and distinct injury that a claim for benefits is not "adequate." *Howe*, 516 U.S. at 515. Under 1132(a)(1)(b) Hackney seeks to recover benefits based on essentially the same predicate facts: the improper processing of his claim for benefits. Thus, Hackney's "[1132(a)(3)] claim of breach of fiduciary duty is merely a repackaged [1132(a)(1)(B)] claim." *Gore*, 477 F.3d at 842. Therefore, 1132(a)(1)(B) provides Hackney with "adequate" relief and there is "no need for further equitable relief." *Howe*, 516 U.S. at 515.

Accordingly, the Court will **GRANT** the Motion to Dismiss. (Docket No. 55.) In granting this Motion to Dismiss, it is unnecessary for the Court to determine whether Lincoln's review violated any policy provision or ERISA time lines. It is also unnecessary to address Lincoln's alternative contentions that the alleged acts of wrongdoing are permitted under ERISA and the claim regulations and that the relief requested is not available under ERISA.

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant The Lincoln National Life Insurance Company's Motion to Dismiss, (Docket No. 55), Count II and Count III of the Amended Complaint asserting claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) is **GRANTED**.[6]

IT IS SO ORDERED.

Date:

cc: Counsel

---

[6] Count III requests disgorgement and "make whole relief." Pursuant to an Agreed Scheduling Order filed on March 28, 2014, (Docket No. 34), the parties agreed that Hackney's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) seeking disgorgement would be stayed pending the Sixth Circuit's resolution of *Rochow v. Life Insurance Co. of North America*, Case No. 12-2074. Accordingly, Lincoln has not included Hackney's disgorgement claim within the scope of its Motion to Dismiss. (Docket No. 56, at 1 n.1.)